# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ASHLEY J. HICKS,

    Plaintiff,

v.                                                                             Case No. 3:18-cv-283-J-34JBT

ALLERGAN SALES, LLC, a foreign
limited liability company,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Response to Motion to Dismiss Second Amended Complaint (Doc. 49; Response) filed on October 23, 2018. At the outset of her Response, Plaintiff notes that she "has briefed these issues in her response to Allergan's motion to dismiss her amended complaint and in her reply in support of her motion for leave to file a second amended complaint. Plaintiff incorporates by reference her previous arguments on these issues." See Response at 3 n.1. However, adopting and incorporating by reference the arguments in prior briefing violates the page limit requirements set forth in Local Rule 3.01(b), United States District Court, Middle District of Florida (Local Rule(s)), and places an undue burden on judicial resources. Accordingly, the Court will strike the Response and direct Plaintiff to re-file an appropriate Response which sets forth the entirety of her arguments in one document.

As aptly explained in Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC, 845 F. Supp. 2d 1241 (M.D. Fla. 2012), incorporation by reference "foists upon the Court

the burden of sifting through irrelevant materials to find the materials referenced while permitting the [respondent] to circumvent this Court's page limit requirement." See Mobile Shelter, 845 F. Supp. 2d at 1253 aff'd in part, 505 F. App'x 928 (11th Cir. 2013). Significantly, the page limit requirement is not designed to burden the parties, but to conserve judicial resources by "focus[ing] the parties' attention on the most pressing matters and winnow[ing] the issues to be placed before the Court . . . ." Id. at 1253. By filing the instant Response and incorporating her prior briefing as well, Plaintiff has done no "winnowing" and instead has engaged in a "throw-the-spaghetti-and-see-what-sticks motion practice [which] leads to imprecise and inartful briefing." See Gov't Employees Ins. Co. v. Path Medical, Case No. 8:17-cv-2848-T-17TGW, ECF No. 79 at 2 (M.D. Fla. entered Mar. 2, 2018) (order denying motions to dismiss without prejudice).

Here, Plaintiff has not only filed a twenty-page Response to Defendant Allergan Sales, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 46; Motion to Dismiss), she has also incorporated by reference her twenty-five page response to a previous motion to dismiss, addressing an earlier version of the pleadings, as well as her ten-page reply in support of her request for leave to amend. As such, were the Court to "adopt and incorporate by reference" these other documents, Plaintiff's briefing in response to the motion to dismiss would total fifty-five pages, well in excess of the 20-page limit set by Local Rule 3.01(b). More importantly, much of the material incorporated would be redundant or irrelevant, but it would fall to the Court to sift through this voluminous briefing to determine what portions of the incorporated briefs add anything new to the arguments, and extrapolate how such arguments might apply in context of the current version of the pleadings. This is not a proper or efficient use of judicial resources.

Accordingly, the Court will strike the Response and provide Plaintiff with the opportunity to file an amended response which sets forth the entirety of her arguments. As the Court recognizes that Plaintiff may need additional space in which to do so, the Court will extend the page limit to twenty-five pages. Accordingly, it is

**ORDERED:**

1. Plaintiff's Response to Motion to Dismiss Second Amended Complaint (Doc. 49) is **STRICKEN**.

2. Plaintiff shall have up to and including **November 7, 2018**, to file an amended response which shall not exceed **twenty-five (25) pages** in length.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of October, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record