IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ASHLEY J. HICKS,
Plaintiff,

Case No.: 3:18-cv-00283-MMH-JBT

v.

ALLERGAN SALES, LLC, a foreign limited liability company,
Defendant.
_______________________________________/

**PLAINTIFF'S OPPOSED ALTERNATIVE MOTION AND MEMORANDUM OF LAW FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Plaintiff moves for leave to file her third amended complaint. *See* Fed. R. Civ. P. 15(a). At the June 20th hearing on Allergan's motion to dismiss the second amended complaint, the Court implied that, if Allergan's unpled practice was to pay every warranty claim (with or without a defective implant), then this would make it implausible that Allergan knew about the Claymans' fraud. (Doc. 60, Tr. 37:15-21.) Respectfully, Plaintiff disagrees for the reasons argued at the hearing (*id.*, Tr. 37:22-38:23, 45:8-47:16), in her supplemental memorandum (Doc. 59, at 4-5), and her response (Doc. 51, at 4-12). If the Court determines that Plaintiff has stated plausible claims in her second amended complaint, then this Court may deny the instant motion as moot.

However, in the abundance of caution and in the alternative, Plaintiff requests that the Court accept her third amended complaint attached as exhibit 1 to this motion. The only substantive change from the second amended complaint can be found in paragraph 34. Plaintiff has added the following underlined sentence to that paragraph:

34. Other plastic surgeons report that in response to their saline breast implant warranty claims, Allergan demanded further proof that the claimed ruptures, deflations, or leaks were not the result of actions by patients or surgeons, even though the other plastic surgeons made fewer than 5 saline breast implant warranty claims per year. Allergan has denied warranty claims by at least one large plastic surgery practice known to Plaintiff's counsel, and discovery may reveal that Allergan has denied the warranty claims of many other plastic surgeons. The key distinction

between these other plastic surgeons and the Clayman Practice is that the other plastic surgeons were not "one supplier shops," and they purchase their aesthetic products (including saline breast implants) from more than one supplier.

(Ex. 1, ¶ 34.)[1]

As explained at the hearing (Doc. 60, Tr. 50:10-22), absent court-ordered discovery of *all* of Allergan's warranty claims files,[2] Plaintiff cannot know Allergan's practice with respect to accepting or denying claims submitted by physicians other than the Claymans. The allegation presented in paragraph 34 of the second amended complaint was based on Plaintiff's counsel's communications with other plastic surgeons. After the hearing on June 20, 2019, Plaintiff's counsel has been able to contact one of these physicians and confirmed that, not only did Allergan "demand[] further proof" when a warranty claim was made (Doc. 45, ¶ 34), but also that Allergan, in fact, denied warranty claims by this physician's large practice group. Discovery of Allergan's claim files may reveal that this large practice group's warranty claims were not the only such claims denied by Allergan.

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A district court must allow an amendment to state a claim unless: (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies amendments previously allowed; (2) allowing amendment would cause undue prejudice to the

---

[1] At exhibit 2, Plaintiff includes a redlined version of the proposed third amended complaint to show every change from the second amended complaint. All the changes, except the one noted above in the text, are not substantive and, for the most part, correct typographical, grammatical, and formatting errors.

[2] In the related state-court proceedings, Plaintiff's counsel was able to discover—via a non-party subpoena before Allergan was named as a defendant in any proceeding—Allergan's claims files with respect to claims submitted by the Claymans. However, given Allergan's general resistance to discovery in the state-court proceedings (including, for example, its request to stay all state court proceedings pending this Court's ruling on the federal preemption issues), one can reasonably expect that Allergan will resist any discovery of its claims files for claims submitted by physicians other than the Claymans.

opposing party; or (3) the amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *see also Stewart v. Bureaus Inv. Group No. 1, LLC*, 24 F. Supp. 3d 1142, 1147, 1163-64, 1166 (M.D. Ala. 2014) (citing *Bryant* and granting plaintiffs an opportunity to move for leave to file a proper third amended complaint).

The purpose of this one-sentence amendment sought by Plaintiff is to address a concern raised by the Court at the hearing on June 20, 2019. If the Court is inclined to find that Plaintiff's claims are plausible only if Allergan denied other physicians' warranty claims (a finding with which Plaintiff would respectfully disagree), then the Court should grant this amendment because "justice so requires." *See* Fed. R. Civ. P. 15(a). This minor amendment is not due to Plaintiff's undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies on amendments previously allowed. Nor would the one-sentence amendment cause undue prejudice to Allergan. And the amendment would not be futile if the Court concludes the plausibility of Plaintiff's claims hinges on an allegation that Allergan denied other physicians' warranty claims.

As required by Local Rule 3.01(g), Plaintiff's counsel has conferred with Allergan's counsel before filing this motion. Allergan opposes this motion. During the conferral, Allergan's counsel noted that, when Plaintiff sought leave to file a second amended complaint, Plaintiff's counsel represented he would not seek any further amendments. This is true. However, the amendment sought here is to directly address comments made by the Court at the June 20th hearing. If the Court is convinced that an allegation that Allergan denied other warranty claims is required, then Plaintiff's counsel prior representation, made before the June 20th hearing, should not deny Ms. Hicks her day in court.

Accordingly, Plaintiff requests that this Court:

(1) deny Allergan's motion to dismiss the second amended complaint (Doc. 46) and then

deny the instant motion as moot; or

(2) alternatively, grant the instant motion if the Court determines that Plaintiff's claims are plausible only if they allege that Allergan denied warranty claims submitted by other physicians (not the Claymans), and thus permit Plaintiff to file her proposed third amended complaint (attached as exhibit 1 hereto) with the additional one-sentence allegation in paragraph 34.

Respectfully submitted,

CREED & GOWDY, P.A.

*/s/ Bryan S. Gowdy*
Bryan S. Gowdy
Florida Bar No.: 176631
bgowdy@appellate-firm.com
filings@appellate-firm.com
865 May Street
Jacksonville, Florida 32204
Telephone: (904) 350-0075
Facsimile: (904) 503-0441
*Co-Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 26, 2019, a true and correct copy of the foregoing has been filed through the Court's CM/ECF case management system, which will serve a notice of electronic filing to all counsel of record below:

**Brian T. Guthrie, Esq.**
Bguthrie@shb.com
**Jennifer M. Voss, Esq.**
jvoss@shb.com
SHOOK HARDY & BACON, L.L.P.
100 North Tampa Street, Suite 2900
Tampa, Florida 33602
Telephone: (813) 202-7100
Facsimile: (813) 221-8837
*Counsel for Allergen Sales*

**Christopher Shakib, Esq.**
shakib@terrellhogan.com
jfleury@terrellhogan.com
**Leslie A. Goller, Esq.**
lgoller@terrellhogan.com
lkipp@terrellhogan.com
TERRELL HOGAN & YEGELWEL, P.A.
233 East Bay Street, 8th Floor
Jacksonville, Florida 32202
Telephone: (904) 632-2424

        Facsimile: (904) 632-5049
*Co-Counsel for Plaintiff*

*/s/ Bryan S. Gowdy*
Attorney